# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LISA A. CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-12-131-SPS |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration,[1] | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Lisa A. Clark requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the Commissioner's decision is REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

---

[1] On February 14, 2013, Carolyn Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v.*

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on August 13, 1962, and was forty-seven years old at the time of the administrative hearing (Tr. 35). She has a high school education and past relevant work as dental assistant (Tr. 26, 35). The claimant alleges that she has been unable to work since October 20, 2006, because of fibromyalgia, neuropathy, cervical degenerative disc disease (Tr. 165).

**Procedural History**

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on April 17, 2008. Her applications were denied. ALJ Lantz McClain conducted an administrative hearing and found that the claimant was not disabled in a written opinion dated February 26, 2010. The Appeals Council granted review, adopted the ALJ's summary and analysis of the evidence, but expanded upon his reasoning for rejecting the opinion of the claimant's treating physician Dr. John Rice, D.O. The Appeals Council then concluded that the

claimant was not disabled in a decision dated March 5, 2010. The Appeals Council's decision is thus the final decision of the Commissioner for purposes of appeal. *See* 20 C.F.R. § 404.981; 416.1481.

**Decision of the Administrative Law Judge**

The Appeals Council decided the case at step five of the sequential evaluation. It found that the claimant retained the residual functional capacity ("RFC") to perform light work, 20 C.F.R. §§ 404.1567(b); 416.967(b), but must avoid work above shoulder level (Tr. 11-12). The Appeals Council found that although the claimant could not return to any of her past relevant work, she was nevertheless not disabled because there was other work she could perform, *i. e.*, parking lot attendant and arcade attendant (Tr. 12).

**Review**

The claimant contends that the Commissioner erred by failing to properly analyze the opinion of state agency physician Dr. Thurma Fiegel, who reviewed the claimant's medical records and completed a Physical Residual Functional Capacity assessment on July 15, 2008 (Tr. 319-26). The Court finds that the Commissioner did fail to properly analyze Dr. Fiegel's opinion, and the decision must therefore be reversed and the case remanded for further analysis.

Social Security Ruling 96-6p indicates an ALJ "must consider and evaluate any assessment of the individual's RFC by a State agency medical or psychological consultant and by other program physicians and psychologists." 1996 WL 374180, at *4. Unlike medical opinions from a treating physician, an opinion from an agency physician

is not entitled to special deference but must be evaluated for weight under the factors set forth in 20 C.F.R. §§ 404.1527, 416.927. *See* 20 C.F.R. § 416.927(c) ("Regardless of its source, we will evaluate every medical opinion we receive . . . [W]e consider all of the following factors in deciding the weight we give to any medical opinion."). The relevant factors are: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins,* 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001). While an ALJ is not bound by an opinion from a state agency physician, he cannot ignore it and must explain the weight he decides to give it in his decision. *Id*.

Neither the ALJ nor the Appeals Council discussed (or even mentioned) the RFC assessment prepared by Dr. Fiegel concerning the claimant's physical limitations. Dr. Fiegel opined that the claimant could lift and carry up to twenty pounds occasionally, and up to ten pounds frequently; and sit for up to six hours, and stand and/or walk at least two hours, in an eight-hour workday (Tr. 320). Dr. Fiegel's opinion therefore conflicted with the findings of the ALJ and the Appeals Council that the claimant could perform light work, which requires the ability to stand/walk for up to six hours in a workday. *See* Soc.

Sec. Rul. 83-10, 1983 WL 31251, at *6 ("[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time."). The ALJ or the Appeals Council should have thus fully analyzed Dr. Fiegel's opinion in accordance with the authorities mentioned above; at a minimum, an explanation for rejection of the opinion was required. *See Clifton v. Chater,* 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."), *citing Vincent ex rel. Vincent v. Heckler,* 739 F.2d 1393, 1394-95 (9th Cir. 1984). Because no such explanation was given, the decision of the Commissioner must be reversed and the case remanded for further analysis.

## Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and that the decision of the Commissioner is therefore not supported by substantial evidence. The decision of the Commissioner is accordingly hereby REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 30th day of September, 2013.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma